

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

D-2 ZAHIR YOUSAFZAI,
D-3 JAVED REHMAN,
D-4 MUHAMMAD (a.k.a. "SIB") AHMAD,
D-5 JAWAD AHMAD,
D-6 DR. DWIGHT SMITH,
D-7 DR. PAUL KELLY,
D-8 REHAN KHAN,
D-9 NABEEL SHAIKH,
D-10 JANAKI CHETTIAR,
D-11 JIGAR PATEL,
D-12 ANTHONY PARKMAN,
D-13 HETAL BAROT,
D-14 SRINIVAS REDDY (a.k.a. "DR. REDDY"),
D-15 BILAL AKBAR,
D-16 JOANN TERRELL,
D-17 MADHUR THAWANI,
D-18 SHAHZAD MIRZA,
D-19 ANKIT PATEL,

               Defendants.

_____/

Case No. 11-CR-20540
Hon. Gerald E. Rosen

VIO.: 18 U.S.C. § 1349
18 U.S.C. § 371
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957
18 U.S.C. § 982
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

FILED
2012 APR 26 P 1:59
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

**The Medicare Program**

1.      The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.      The Medicare program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B).  Part A covered physical therapy, occupational therapy, and skilled nursing services if a facility was certified by CMS as meeting certain requirements.  Part B of the Medicare Program covered the cost of physicians' services and other ancillary services not covered by Part A.  The physical therapy, occupational therapy and other services at issue in this indictment were covered by Part A and Part B.

4.      National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan.  Wisconsin Physicians Service was the CMS contracted carrier for Medicare Part B, which included home visits, in the state of Michigan.  TrustSolutions, LLC was the Program Safeguard Contractor for Medicare Part A and Part B in the state of Michigan.

5.      By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement.  In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the

2

regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors.

6.      Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

7.      Health care providers were given and/or provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

8.      In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, patient, and services rendered.

9.      A home health agency was an entity that provided health services, including but not limited to skilled nursing, physical and occupational therapy, and speech pathology services to homebound patients.

3

## **The Home Health Agencies**

10.     Physicians Choice Home Health Care, LLC (Physicians Choice HHC) was a Michigan corporation, doing business at 31875 Plymouth Road, Livonia, Michigan.  Physicians Choice HHC was a home health agency that purportedly provided in-home physical therapy, occupational therapy, speech pathology and/or skilled nursing services to patients.  Physicians Choice HHC was a Medicare provider and submitted claims directly to Medicare.

11.     First Care Home Health Care, LLC (First Care HHC) was a Michigan corporation, doing business at 37525 Ann Arbor Road, Livonia, Michigan.  First Care HHC was a home health agency that purportedly provided in-home physical therapy, occupational therapy, speech pathology and/or skilled nursing services to patients.  First Care HHC was a Medicare provider and submitted claims directly to Medicare.

12.     Quantum Home Care, Inc. (Quantum HC) was a Michigan corporation, doing business at 27595 Schoolcraft Road, Suite A, Livonia, Michigan.  Quantum HC was a home health agency that purportedly provided in-home physical therapy, occupational therapy, speech pathology and/or skilled nursing services to patients.  Quantum HC was a Medicare provider and submitted claims directly to Medicare.

13.     Moonlite Home Care, Inc. (Moonlite HC) was a Michigan corporation, doing business at 31153 Plymouth Road, Suite 106, Livonia, Michigan.  Moonlite HC was a home health agency that purportedly provided in-home physical therapy, occupational therapy, speech pathology and/or skilled nursing services to patients.  Moonlite HC was a Medicare provider and submitted claims directly to Medicare.

4

### The Physician Businesses

14.     Supreme Medical Associates, P.L.L.C. was a Michigan corporation doing business under the assumed name of Smith Medical Center at 23871 W. McNichols Road, Detroit, Michigan, which was incorporated by DR. DWIGHT SMITH.  Smith Medical Center was a Medicare provider and submitted claims directly to Medicare.

15.     Phoenix Visiting Physicians, PLLC was a Michigan corporation doing business at 37525 Ann Arbor Road, Livonia, Michigan, which was incorporated by an agent of DR. DWIGHT SMITH.  Phoenix Visiting Physicians was a Medicare provider and submitted claims directly to Medicare.

### Co-Conspirator

16.     Tausif Rahman, a resident of Wayne County, Michigan, was a beneficial owner, controller and manager of Physicians Choice HHC, First Care HHC, and Quantum HC.

### The Defendants

17.     ZAHIR YOUSAFZAI, a resident of Wayne County, Michigan was an owner of Moonlite HC, co-owned and was the CEO of First Care HHC and assisted in the operations of Physicians Choice HHC and Quantum HC.  YOUSAFZAI was also a physical therapy assistant with a limited license who purported to perform physical therapy services for Physicians Choice HHC.

18.     JAVED REHMAN, a resident of Oakland County, Michigan, was the co-owner and President and CEO of Quantum HHC.

19.     MUHAMMAD (a.k.a. "SIB") AHMAD, a resident of Washtenaw County, Michigan, co-owned and assisted in the operations of Physicians Choice HHC, First Care HHC and Quantum HC.

20.     JAWAD AHMAD, a resident of Washtenaw County, Michigan, assisted in the operations of Physicians Choice HHC, First Care HHC and Quantum HC.

21.     DR. DWIGHT SMITH, a resident of Wayne County, Michigan, was a physician licensed in the state of Michigan who incorporated Smith Medical Center and Phoenix Visiting Physicians and referred patients to Physicians Choice HHC, First Care HHC, Quantum HC and Moonlite HC.

22.     DR. PAUL KELLY, a resident of Clinton County, Michigan, was a physician licensed in the state of Michigan who referred patients to Moonlite HC.

23.     REHAN KHAN, a resident of Wayne County, Michigan was an owner of Moonlite HC.  KHAN was also a physical therapy assistant with a limited license who purported to perform physical therapy services for Physicians Choice HHC.

24.     NABEEL SHAIKH, a resident of Oakland County, Michigan was a physical therapy assistant with a limited license who purported to perform services for Physicians Choice HHC.

25.     JANAKI CHETTIAR, a resident of Oakland County, Michigan, was a registered physical therapist who purported to perform services for Physicians Choice HHC, First Care HHC, and Quantum HC.

26.     JIGAR PATEL, a resident of Oakland County, Michigan, was a physical therapy assistant with a limited license who purported to perform services for Physicians Choice HHC.

27.     ANTHONY PARKMAN, a resident of Oakland County, Michigan, was a registered nurse who purported to perform services for Physicians Choice HHC and Quantum HC.

6

28.     HETAL BAROT, a resident of Wayne County, Michigan, was a physical therapy assistant with a limited license who purported to perform services for Physicians Choice HHC and Quantum HC.

29.     SRINIVAS REDDY (a.k.a. "DR. REDDY"), a resident of Oakland County, Michigan, held himself out to be a medical doctor, and purported to perform medical examinations to refer patients to Quantum HC and Moonlite HC for home health care.  REDDY is not a licensed medical professional in the State of Michigan.

30.     BILAL AKBAR was a resident of Wayne County, Michigan employed by Physicians Choice HHC purportedly performing quality assurance.

31.     JOANN TERRELL, a resident of Wayne County, Michigan, was a patient recruiter for Physicians Choice HHC and Quantum HC.

32.     MADHUR THAWANI, a resident of Oakland County, Michigan, was a registered physical therapist who purported to perform services for Physicians Choice HHC.

33.     SHAHZAD MIRZA, a resident of Wayne County, Michigan, was a registered physical therapist who purported to perform services for Physicians Choice HHC.

34.     ANKIT PATEL, a resident of Wayne County, Michigan, was a physical therapy assistant with a limited license who purported to perform services for Physicians Choice HHC.

<u>**COUNT 1**</u>
**(18 U.S.C. § 1349 - Health Care Fraud Conspiracy)**

**D-2 ZAHIR YOUSAFZAI**
**D-3 JAVED REHMAN**
**D-4 MUHAMMAD (a.k.a. "SIB") AHMAD**
**D-5 JAWAD AHMAD**
**D-6 DR. DWIGHT SMITH**
**D-7 DR. PAUL KELLY**
**D-8 REHAN KHAN**
**D-9 NABEEL SHAIKH**
**D-10 JANAKI CHETTIAR**
**D-11 JIGAR PATEL**
**D-12 ANTHONY PARKMAN**
**D-13 HETAL BAROT**
**D-14 SRINIVAS REDDY (a.k.a. "DR. REDDY")**
**D-15 BILAL AKBAR**
**D-16 JOANN TERRELL**
**D-17 MADHUR THAWANI**
**D-18 SHAHZAD MIRZA**
**D-19 ANKIT PATEL**

35.    Paragraphs 1 through 34 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

36.    From in or around July 2008 and continuing through the present, the exact dates being unknown to the Grand Jury, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants, ZAHIR YOUSAFZAI, JAVED REHMAN, MUHAMMAD (a.k.a. "SIB") AHMAD, JAWAD AHMAD, DR. DWIGHT SMITH, DR. PAUL KELLY, REHAN KHAN, NABEEL SHAIKH, JANAKI CHETTIAR, JIGAR PATEL, ANTHONY PARKMAN, HETAL BAROT, SRINIVAS REDDY (a.k.a. "DR. REDDY"), BILAL AKBAR, JOANN TERRELL, MADHUR THAWANI, SHAHZAD MIRZA, ANKIT PATEL and co-conspirator Tausif Rahman, did willfully and knowingly combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program

8

affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## Purpose of the Conspiracy

37.     It was a purpose of the conspiracy for defendants ZAHIR YOUSAFZAI, JAVED REHMAN, MUHAMMAD (a.k.a. "SIB") AHMAD, JAWAD AHMAD, DR. DWIGHT SMITH, DR. PAUL KELLY, REHAN KHAN, NABEEL SHAIKH, JANAKI CHETTIAR, JIGAR PATEL, ANTHONY PARKMAN, HETAL BAROT, SRINIVAS REDDY (a.k.a. "DR. REDDY"), BILAL AKBAR, JOANN TERRELL, MADHUR THAWANI, SHAHZAD MIRZA, ANKIT PATEL and co-conspirator Tausif Rahman and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for physical therapy and other services; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means

38.     The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

39.     Tausif Rahman would acquire ownership and control of various home health agencies, including Physicians Choice HHC, First Care HHC and Quantum HC both personally and through straw owners.

40.     Tausif Rahman and MUHAMMAD (a.k.a. "SIB") AHMAD would attempt to maintain a Medicare provider number by submitting an application after a change in Physicians Choice HHC's ownership.   While the application was pending and after it was rejected by Medicare, Rahman and MUHAMMAD (a.k.a. "SIB") AHMAD would continue to bill Medicare under Physicians Choice HHC's prior Medicare provider number.

41.     ZAHIR YOUSAFZAI and MUHAMMAD (a.k.a. "SIB") AHMAD would maintain a Medicare provider number for First Care HHC to submit Medicare claims for the cost of physical therapy and other services that were medically unnecessary and were not provided.

42.     Tausif Rahman and JAVED REHMAN would maintain a Medicare provider number for Quantum HC to submit Medicare claims for the cost of physical therapy and other services that were medically unnecessary and were not provided.

43.     ZAHIR YOUSAFZAI and REHAN KHAN would incorporate Moonlite HC and maintain a Medicare provider number for Moonlite HC.

44.     Tausif Rahman, ZAHIR YOUSAFZAI, JAVED REHMAN, and MUHAMMAD (a.k.a. "SIB") AHMAD would control the day-to-day operations of Physicians Choice HHC, First Care HHC and Quantum HC.

45.     JAWAD AHMAD and other co-conspirators would assist in managing the day-to-day operations for Physicians Choice HHC, First Care HHC and Quantum HC.

46.     Tausif   Rahman   and   his   associates,   including   ZAHIR   YOUSAFZAI, MUHAMMAD (a.k.a. "SIB") AHMAD, JAWAD AHMAD, REHAN KHAN and other co-

conspirators, would offer and provide kickbacks, bribes, and other inducements to beneficiary recruiters, who would themselves offer and provide kickbacks, bribes, and other inducements to Medicare beneficiaries who were purported patients of Physicians Choice HHC, First Care HHC, Quantum HC and Moonlite HC.  The Medicare beneficiaries would receive cash and other remuneration in exchange for signing documents making it appear that they had received the treatments being billed to Medicare, when in fact, such treatments were medically unnecessary and were not provided.

47.     NABEEL SHAIKH, JOANN TERRELL, and others would offer and pay kickbacks and bribes to Medicare beneficiaries in exchange for their beneficiary information and signatures on paperwork making it appear that they had received home health services, when in fact, they had not.

48.     DR. DWIGHT SMITH and other physicians would refer patients for physical therapy and other services purportedly provided and billed to Medicare by Physicians Choice HHC, First Care HHC, Quantum HC and Moonlite HC, which were medically unnecessary.

49.     DR. PAUL KELLY would refer patients for physical therapy and other services purportedly provided and billed to Medicare by Moonlite HC, which were medically unnecessary.

50.     SRINIVAS REDDY (aka "DR. REDDY") would hold himself out to be a physician examining and referring patients for home health care services, when in fact he is not a licensed physician and the services were medically unnecessary.

51.     ZAHIR YOUSAFZAI, MUHAMMAD ("SIB") AHMAD, REHAN KHAN, NABEEL SHAIKH, JANAKI CHETTIAR, JIGAR PATEL, ANTHONY PARKMAN, HETAL BAROT, BILAL AKBAR, MADHUR THAWANI, SHAHZAD MIRZA, ANKIT PATEL and

other co-conspirators would fabricate and falsify medical documents reflecting or supporting purported physical therapy and other services billed to Medicare that were medically unnecessary and were not provided. Those documents included home health certifications and plans of care, therapy notes, evaluations, recertifications, discharges and other records for therapy that would be billed to Medicare by Physicians Choice HHC, First Care HHC and Quantum HHC, making it appear that physical therapy and other services had been provided, when in fact, they had not.

52. Physicians Choice HHC, First Care HHC and Quantum HC would submit claims to Medicare seeking reimbursement for the cost of physical therapy and other services purportedly provided to Medicare beneficiaries by defendants ZAHIR YOUSAFZAI, REHAN KHAN, NABEEL SHAIKH, JANAKI CHETTIAR, JIGAR PATEL, ANTHONY PARKMAN, HETAL BAROT, MADHUR THAWANI, SHAHZAD MIRZA, ANKIT PATEL and others that were not, in fact, rendered.

53. ZAHIR YOUSAFZAI, JAVED REHMAN, MUHAMMAD ("SIB") AHMAD, JAWAD AHMAD, DR. DWIGHT SMITH, REHAN KHAN, DR. PAUL KELLY, NABEEL SHAIKH, JANAKI CHETTIAR, JIGAR PATEL, ANTHONY PARKMAN, HETAL BAROT, SRINIVAS REDDY (a.k.a. "DR. REDDY"), BILAL AKBAR, JOANN TERRELL, MADHUR THAWANI, SHAHZAD MIRZA, and Tausif Rahman would cause Physicians Choice HHC, First Care HHC, Quantum HC and Moonlite HC to submit claims to and receive from Medicare approximately $13.8 million for the cost of physical therapy and other services.

54. ZAHIR YOUSAFZAI, JAVED REHMAN, MUHAMMAD ("SIB") AHMAD, JAWAD AHMAD, DR. DWIGHT SMITH, REHAN KHAN, DR. PAUL KELLY, NABEEL SHAIKH, JANAKI CHETTIAR, JIGAR PATEL, ANTHONY PARKMAN, HETAL BAROT,

12

SRINIVAS REDDY (a.k.a. "DR. REDDY"), BILAL AKBAR, JOANN TERRELL, MADHUR THAWANI, SHAHZAD MIRZA, ANKIT PATEL and Tausif Rahman would transfer and disburse, and cause the transfer and disbursement of, monies from the various corporate accounts of Physicians Choice HHC, First Care HHC, Quantum HC and Moonlite HC to themselves and others.

All in violation of Title 18, United States Code, Section 1349.

**COUNT 2**
**(18 U.S.C. § 371 – Conspiracy to Pay and Receive Kickbacks)**

**D-2 ZAHIR YOUSAFZAI**
**D-4 MUHAMMAD (A.K.A. "SIB") AHMAD**
**D-5 JAWAD AHMAD**
**D-8 REHAN KHAN**
**D-9 NABEEL SHAIKH**
**D-16 JOANN TERRELL**

55.     Paragraphs 1 through 34 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

56.     From in or around July 2008 and continuing through in the present, the exact dates being unknown to the Grand Jury, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants, ZAHIR YOUSAFZAI, MUHAMMAD (a.k.a. "SIB") AHMAD, JAWAD AHMAD, REHAN KHAN, NABEEL SHAIKH, JOANN TERRELL, Tausif Rahman and others did willfully and knowingly combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, that is,

(a) to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A) by knowingly and willfully offering and paying any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind in

return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part by Medicare, a federal health care program as defined in Title 18, United States Code, Section 24(b); and

(b) to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) by knowingly and willfully soliciting and receiving any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part by Medicare, a federal health care program as defined in Title 18, United States Code, Section 24(b).

## Purpose of the Conspiracy

57.     It was a purpose of the conspiracy for defendants ZAHIR YOUSAFZAI, MUHAMMAD (a.k.a. "SIB") AHMAD, JAWAD AHMAD, REHAN KHAN, NABEEL SHAIKH, JOANN TERRELL, co-conspirator Tausif Rahman and others to unlawfully enrich themselves through the offer and payment of kickbacks and bribes to Medicare beneficiaries brought into the scheme by patient recruiters in exchange for the use of their Medicare numbers.

## Manner and Means

58.     The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, among other things:

59.     Tausif Rahman, ZAHIR YOUSAFZAI, JAWAD AHMAD, REHAN KHAN and their co-conspirators would pay patient recruiters money in exchange for recruiting Medicare beneficiaries for Physicians Choice HHC, First Care HHC, Quantum HC, and Moonlite HC.

14

60.     The patient recruiters would pay Medicare beneficiaries cash kickbacks for the use of those beneficiaries' Medicare information to bill Medicare for home health services purportedly provided by Physicians Choice HHC, First Care HHC, Quantum HC, and Moonlite HC.

61.     MUHAMMAD (a.k.a. "SIB") AHMAD and JAWAD AHMAD would personally attend or monitor by phone meetings in which the patient recruiters would pay Medicare beneficiaries to sign false medical documents reflecting or supporting purported physical therapy and other services billed to Medicare.

62.     NABEEL SHAIKH would pay Medicare beneficiaries to sign false medical documents reflecting or supporting purported physical therapy and other services billed to Medicare.

63.     JOANN TERRELL would pay Medicare beneficiaries to sign for home health care services including physical therapy and other services billed to Medicare.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its purposes and objects, at least one of the conspirators committed, or caused to be committed, in the Eastern District of Michigan, the following overt acts, among others:

64.     On or about February 1, 2011, Tausif Rahman and JAWAD AHMAD met with a patient recruiter to discuss the recruitment of Medicare beneficiaries for home health care billing.

65.     On or about February 28, 2011, ZAHIR YOUSAFZAI and REHAN KHAN met with a patient recruiter and purchased falsified medical documents referring Medicare beneficiaries for home health services.

66.     On or about March 7, 2011, JAWAD AHMAD delivered an $800 check to a patient recruiter and Tausif Rahman instructed the recruiter to begin delivering patients to Smith Medical Center to be referred for home health care.

67.     On or about March 21, 2011, a patient recruiter delivered Medicare beneficiaries to Smith Medical Center to be referred for home health care.

68.     On or about May 19, 2011, MUHAMMAD (a.k.a. "SIB") AHMAD attended and oversaw a gathering of Medicare beneficiaries at a patient recruiter's home, at which time Medicare beneficiaries were paid to sign home health documents.

69.     On or about June 22, 2011, Tausif Rahman and JAWAD AHMAD met with a patient recruiter to discuss and negotiate payments to the patient recruiter for recruiting Medicare beneficiaries.

70.     On or about March 26, 2010, JOANN TERRELL would receive an $8000 check in exchange for recruiting Medicare beneficiaries and providing Medicare beneficiary information.

All in violation of Title 18, United States Code, Section 371.

<u>COUNTS 3-8</u>
**(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 – Money Laundering)**

**D-2 ZAHIR YOUSAFZAI**
**D-4 MUHAMMAD ("SIB") AHMAD**
**D-8 REHAN KHAN**
**D-9 NABEEL SHAIKH**
**D-10 JANAKI CHETTIAR**
**D-11 JIGAR PATEL**

71.     On or about the dates specified as to each count below, in Wayne County, in the

Eastern District of Michigan, and elsewhere, the defendants as specified below, aided and

abetted by each other knowingly conducted and attempted to conduct a financial transaction

affecting interstate and foreign commerce, which in fact involved the proceeds of specified

unlawful activity, knowing that the property involved in the financial transaction represented the

proceeds of some form of unlawful activity, and knowing that the transaction was designed in

whole and in part to conceal and disguise the nature, the location, the source, the ownership, and

the control of the proceeds of specified unlawful activity:

| Count | Defendants | On or about Date | Financial Transaction |
|-------|-----------|---------|-----------------------|
| 3 | D-2 ZAHIR YOUSAFZAI | 5/17/2010 | Check #1192 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $50,000 to A-1 Nursing & Rehab's Charter One bank account #XXXXXX1766 |
| 4 | D-4 MUHAMMAD ("SIB") AHMAD | 3/5/2009 | Check #1076 Geo Rehab LLC's TCF bank account #XXXXXX2578 in the amount of $70,000 to Century Home Care's TCF bank account #XXXXXX1666 |
| 5 | D-8 REHAN KHAN | 1/26/2010 | Check #998 Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $30,000 to Rmah Care's TCF bank account #XXXXXXX7215. |

17

| 6 | D-9 NABEEL SHAIKH | 2/16/2010 | Check #1037 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $20,000 to Xceptional Rehab Staffing and Consulting's TCF bank account #XXXXXX6669 |
| 7 | D-10 JANAKI CHETTIAR | 1/05/2011 | Check #20566 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $16,930 to Theracare Solutions LLC's Chase bank account #XXXXX2118 |
| 8 | D-11 JIGAR PATEL | 7/20/2010 | Check #1256 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $8,805 to MI Healthcare Staffing Corp.'s Chase bank account |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNTS 9-13
### (18 U.S.C. §§ 1957 and 2 – Money Laundering)

**D-2 ZAHIR YOUSAFZAI**
**D-4 MUHAMMAD ("SIB") AHMAD**
**D-8 REHAN KHAN**
**D-9 NABEEL SHAIKH**
**D-10 JANAKI CHETTIAR**

72.    On or about the dates specified as to each count below, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants as specified below, aided and abetted by each other, knowingly engaged in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity:

| Count | Defendants | On or about Date | Financial Transaction |
|---|---|---|---|
| 9 | D-2 ZAHIR YOUSAFZAI | 1/28/2010 | Check #1007 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $30,000 to A-1 Nursing & Rehab's Charter One bank account #XXXXXX1766 |

18

| 10 | D-4 MUHAMMAD ("SIB") AHMAD | 1/5/2011 | Check #1373 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $15,000 to Century Home Services Inc.'s Charter One bank account #XXXXXX1294 |
|----|----|----|----|
| 11 | D-8 REHAN KHAN | 4/22/2010 | Check #1147 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $36,400 to Rmah Care's Charter One bank account. |
| 12 | D-9 NABEEL SHAIKH | 11/10/2010 | Check #20452 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $12,500 to Xceptional Rehab Staffing and Consulting's TCF bank account |
| 13 | D-10 JANAKI CHETTIAR | 11/30/10 | Check #20474 from Geo Rehab LLC's Charter One bank account #XXXXXX1618 in the amount of $15,090.00 to Theracare Solutions LLC's Chase bank account #XXXXX2118 |

In violation of Title 18, United States Code, Sections 1957 and 2.

## NOTICE OF CRIMINAL FORFEITURE
**(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c); 18 U.S.C. § 982)**

**D-2 ZAHIR YOUSAFZAI**
**D-3 JAVED REHMAN**
**D-4 MUHAMMAD (a.k.a. "SIB") AHMAD**
**D-5 JAWAD AHMAD**
**D-6 DR. DWIGHT SMITH**
**D-7 DR. PAUL KELLY**
**D-8 REHAN KHAN**
**D-9 NABEEL SHAIKH**
**D-10 JANAKI CHETTIAR**
**D-11 JIGAR PATEL**
**D-12 ANTHONY PARKMAN**
**D-13 HETAL BAROT**
**D-14 SRINIVAS REDDY (a.k.a. "DR. REDDY")**
**D-15 BILAL AKBAR**
**D-16 JOANN TERRELL**
**D-17 MADHUR THAWANI**
**D-18 SHAHZAD MIRZA**
**D-19 ANKIT PATEL**

73.     The allegations contained in Counts 1 through 13 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture of property to the United States.

74.     Pursuant to Federal Rule of Criminal Procedure 32.2(a), the Government hereby provides notice to defendants ZAHIR YOUSAFZAI, JAVED REHMAN, MUHAMMAD (a.k.a. "SIB") AHMAD, JAWAD AHMAD, DR. DWIGHT SMITH, DR. PAUL KELLY, REHAN KHAN, NABEEL SHAIKH, JANAKI CHETTIAR, JIGAR PATEL, ANTHONY PARKMAN, HETAL BAROT, SRINIVAS REDDY (a.k.a. "DR. REDDY"), BILAL AKBAR, JOANN TERRELL, JOANN TERRELL, MADHUR THAWANI, SHAHZAD MIRZA and ANKIT PATEL of its intention to seek forfeiture of property as follows:

   A. Each defendant who is convicted of Counts 1 and 2 (*i.e.*, conspiring to commit health care fraud, in violation of Title 18, United States Code, Section 1349, and conspiring to pay and receive kickbacks, in violation of Title 18, United States Code, Section 371) shall forfeit to the United States pursuant to Title 18, United States Code, Sections 982(a)(7) and Title 18, United States Code, Sections 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offense(s).

   B. Each defendant who is convicted of the offenses alleged in Counts 3 through 13 (*i.e.*, money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and Section 1957) shall forfeit to the United States pursuant to Title 18, United States Code, Sections 982(a)(1), all property, real and personal, involved in such offense, or any property traceable to such property.

20

75.     If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount derived from such offense.

## **Money Judgment**

76.     The United States gives notice to defendants ZAHIR YOUSAFZAI, JAVED REHMAN, MUHAMMAD (a.k.a. "SIB") AHMAD, JAWAD AHMAD, DR. DWIGHT SMITH, DR. PAUL KELLY, REHAN KHAN, NABEEL SHAIKH, JANAKI CHETTIAR, JIGAR PATEL, ANTHONY PARKMAN, HETAL BAROT, SRINIVAS REDDY (a.k.a. "DR. REDDY"), BILAL AKBAR, JOANN TERRELL, MADHUR THAWANI, SHAHZAD MIRZA and ANKIT PATEL that, upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## **Property Subject to Forfeiture**

77.     The United States gives notice to the defendants that the property subject to forfeiture includes, but not is limited to, the following property:

  a.  at least $13.8 million in United States dollars;

  b.  all funds on deposit in the following accounts:

### Bank of America

| Account Holder | Account Number(s) |
|---|---|
| Zahir Yousafzai | XXXXXXXX4954 |

### Charter One

| Account Holder | Account Number |
|---|---|
| A-1 Nursing & Rehab Services, Inc. | XXXXXX-176-6 |

21

| Century Home Services Inc. | XXXXXX-129-4 |
|---|---|
| | XXXXXX-734-8 |
| Geo Rehab LLC | XXXXXX-161-8 |
| | XXXXXX-983-4 |
| Moonlite Home Care, Inc. | XXXXXX-083-2 |
| Phoenix Visiting Physicians, PLLC | XXXXXX-094-8 |
| Physicians Choice Home Health Care, LLC | XXXXXX-594-1 |
| Tausif Rahman | XXXXXX1670 |
| Zahir Yousafzai | XXXXXX-971-0 |

### Comerica

| Account Holder | Account Number(s) |
|---|---|
| Sunlite Home Care, Inc. | XXXXXX8113 |
| Sunrise Rehab Services, LLC | XXXXXX8930 |

### JP Morgan Chase

| Account Holder | Account Number(s) |
|---|---|
| Avon Computer Consulting, Inc. | XXXXX1504 |
| First Care Home Health Care, LLC | XXXXXX9000 |
| MI Healthcare Staffing Corp. | XXXXX4479 |
| | XXXXXX5712 |
| Theracare Solutions, LLC | XXXXX2118 |

|  | XXXXXX5008 |
| Therapy Defined, LLC | XXXXX8419 |
|  | XXXXXX8034 |
| Xceptional Rehab Staffing & Consulting | XXXXX1438 |
| Zahir Yousafzai | XXXXX0598 |

## PNC

| Account Holder | Account Number(s) |
| --- | --- |
| Anthony Parkman | XXXXX5144 |
|  | XXXXXX0385 |
| Metro Marketing Solutions | XXXXXX6087 |
|  | XXXXX8661 |
| Quantum Homecare, Inc. | XXXXX3982 |
|  | XX-XXXX-6833 |

## TCF Bank

| Account Holder | Account Number |
| --- | --- |
| Jawad Ahmad | XXXXXX1107 |

### Substitute Assets

78.    To the extent any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      i.    cannot be located upon the exercise of due diligence;

      ii.    has been transferred or sold to, or deposited with, a third party;

iii.    has been placed beyond the jurisdiction of this Court;

iv.     has been substantially diminished in value; or

v.      has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated in Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

THIS IS A TRUE BILL

s/GRAND JURY FOREPERSON
Grand Jury Foreperson

BARBARA L. MCQUADE
UNITED STATES ATTORNEY

s/WAYNE PRATT
WAYNE PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9583
Wayne.Pratt@usdoj.gov

s/CATHERINE K. DICK
CATHERINE K. DICK
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 538-4049
Catherine.Dick@usdoj.gov

Date:   April 26, 2012

24

# ORIGINAL

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>*11-20540* |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008 **[ ]**

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: CKD *CMD* |

**Case Title:** USA v.  Tausif Rahman et al.

**County where offense occurred :** Wayne County, Michigan

**Check One:**     ☒ Felony            ☐ Misdemeanor            ☐ Petty

    \_\_\_\_Indictment/\_\_\_\_Information --- **no** prior complaint.
    \_\_\_\_Indictment/\_\_\_\_Information --- based upon prior complaint [Case number: ]
    \_X\_\_Indictment/\_\_\_\_Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** 11-CR-20540          **Judge:** GERALD E. ROSEN

    ☐    Original case was terminated; no additional charges or defendants.
    ☐    Corrects errors; no additional charges or defendants.
    ☐    Involves, for plea purposes, different charges or adds counts.
    ☒    Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint<br>(if applicable) |
|---|---|---|
| D-2 ZAHIR YOUSAFZAI, | 18 U.S.C. § 1349<br>18 U.S.C. § 371<br>18 U.S.C. §§ 1956(a)(1)(B)(i) and 2<br>18 U.S.C. §§ 1957 and 2<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461<br>18 U.S.C. § 982 | |
| D-3 JAVED REHMAN, | 18 U.S.C. § 1349<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461<br>18 U.S.C. § 982 | |

D-4 MUHAMMAD (a.k.a. "SIB") AHMAD,        18 U.S.C. § 1349
18 U.S.C. § 371
18 U.S.C. §§ 1956(a)(1)(B)(i) and 2
18 U.S.C. §§ 1957 and 2
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-5 JAWAD AHMAD,        18 U.S.C. § 1349
18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-6 DR. DWIGHT SMITH,        18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-7 DR. PAUL KELLY,        18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-8 REHAN KHAN,        18 U.S.C. § 1349
18 U.S.C. § 371
18 U.S.C. §§ 1956(a)(1)(B)(i) and 2
18 U.S.C. §§ 1957 and 2
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-9 NABEEL SHAIKH,        18 U.S.C. § 1349
18 U.S.C. § 371
18 U.S.C. §§ 1956(a)(1)(B)(i) and 2
18 U.S.C. §§ 1957 and 2
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-10 JANAKI CHETTIAR,        18 U.S.C. § 1349
18 U.S.C. §§ 1956(a)(1)(B)(i) and 2
18 U.S.C. §§ 1957 and 2
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-11 JIGAR PATEL,

18 U.S.C. § 1349
18 U.S.C. §§ 1956(a)(1)(B)(i) and 2
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-12 ANTHONY PARKMAN,

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-13 HETAL BAROT,

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-14 SRINIVAS REDDY (a.k.a. "DR. REDDY"),

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-15 BILAL AKBAR,

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-16 JOANN TERRELL,

18 U.S.C. § 1349
18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-17 MADHUR THAWANI,

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-18 SHAHZAD MIRZA,

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

D-19 ANKIT PATEL

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461
18 U.S.C. § 982

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 26, 2012
_____
Date

CATHERINE K. DICK
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 305-2402
(313) 226-0230
Catherine.Dick@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09